# IN THE U.S. DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CHASITY SHANTA DIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:  2:20-cv-988 |
| | ) |
| SOUTHERN AG CARRIERS, INC., | ) |
| a foreign corporation; | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

The Defendant, Southern AG Carriers, Inc. ("Southern AG"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, removes this action filed by the Plaintiff in the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama. In support of this notice, Southern AG shows as follows:

### A. PROCEDURAL BACKGROUND

1.     This case was commenced by the Plaintiff on October 29, 2020 in the Circuit Court of Montgomery County, Alabama, civil action number: CV-2020-

{DOC# 00699088}

901311. The documents attached as exhibit "A" constitute all of the process and pleadings served, received and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Southern AG is the only non-fictious Defendant named in the complaint. Southern AG was purportedly served[1] with the summons and complaint via certified mail on November 2, 2020 although the certified mail receipt was not filed by the Plaintiff until December 1, 2020. *See* certified mail receipt contained in exhibit "A".

3. This notice of removal is filed in the Northern Division of the United States District Court for the Middle District of Alabama. This is the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This notice of removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this notice, Southern AG will file a copy of the notice with the Clerk of the Circuit Court of Montgomery County, Alabama as required by 28 U.S.C. § 1446(d).

---

[1] Southern AG denies that the purported service was proper and specifically reserves the right to raise improper service as an affirmative defense.

{DOC# 00699088}

## B. DIVERSITY OF THE PARTIES

6. The Plaintiff is a resident and citizen of the state of Alabama. *See* complaint contained in exhibit "A".

7. Southern AG is a corporation formed under the laws of the state of Georgia with its principal place of business in Albany, Georgia. *See* complaint contained in exhibit "A". Therefore, it is a citizen of the state of Georgia.

8. The Plaintiff and Southern AG are the only non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

## C. AMOUNT IN CONTROVERSY

9. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10. The Plaintiff's complaint alleges negligence and wantonness against Southern AG and demands judgment in an amount to be determined by a jury. (Exhibit A – Complaint).

11. The complaint seeks compensatory damages from Southern AG for property damage; physical injuries and scarring which are alleged to be permanent; pain and suffering; past and future medical expenses; past lost wages; and loss of

{DOC# 00699088}

future earning capacity. The complaint also seeks punitive damages. (Exhibit "A" – Complaint).

12. In *Roe v. Michelin N. Am., Inc.*, the 11th Circuit addressed removal based solely on the face of the plaintiff's complaint and held that "[i]t may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the 'the Complaint does not a claim a specific amount of damages.'" 618 F.3d 1058, 1061 (11th Cir. 2010)(*quoting* Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)); (*quoting in turn* Miriam Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001)). The *Roe* court noted it made little sense to rely solely upon the complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction disappear." *Id.* at 1064 (*quoting* Pretka, 608 F.3d at 766). Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.* at 1061-2 (*quoting* Pretka, 608 F.3d at 754).

13. Following *Roe*, district judges in Alabama's federal courts have held that the amount in controversy threshold is met when a complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not *disclaim* recovery of $75,000.00 or above. *See, e.g.,* Smith v. State Farm

Fire & Cas. Co., 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); Hogan v. Mason, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); Bush v. Winn Dixie Montgomery, LLC, 132 F. Supp. 1317 (N.D. Ala. 2015); Seckel v. Travelers Home & Marine Ins. Co., 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

14. In *Bush*, for example, the court held that the plaintiff's complaint was by itself sufficient to establish the requisite amount in controversy, noting that it was "self-evident….that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." 132 F. Supp. 3d. at 1318. The court further held that that "a plaintiff … who wants to stay in her chosen forum [*i.e.,* state court] must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319; *see also* Smith, 868 F. Supp. 2d at 1334 (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala.

Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

15.  It is apparent from the face of the Plaintiff's complaint in the instant case that she is "realistically hoping to recover more than $75,000" given her claims for permanent injuries, future medical expenses and lost wages, and punitive damages. (Exhibit "A" – Complaint).

16.  Southern AG denies that it is liable to the Plaintiff for any amount, but does not dispute that the amount in controversy exceeds the jurisdictional requirement. Removal is therefore proper under 28 U.S.C. § 1332 and § 1446.

### D. TIMELINESS

17.  The removal is filed within thirty (30) days from when Southern AG was purportedly served with the summons and complaint and is therefore timely. 28 U.S.C. § 1446(b).

{DOC# 00699088}

## E. **CONCLUSION**

18. Southern AG has satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Southern AG removes this case from the Circuit Court of Montgomery County, Alabama to the U.S. District Court for the Middle District of Alabama.

/s/ Lea Richmond, IV
Lea Richmond, IV (asb-8479-l74r)
Evan P. Baggett (asb-5568-v79b)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
E-mail: lrichmond@carrallison.com
ebaggett@carrallison.com

{DOC# 00699088}

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December 2020, I have served a copy of the above and foregoing on counsel for all parties by:

\_\_\_\_\_Facsimile transmission;
\_\_\_\_\_Hand Delivery;
\_\_\_\_\_Electronic Mail;
\_\_\_\_ Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
__X__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

Christopher McNutt, Esq.
Alexander, Shunnarah Personal Injury Attorneys
2900 1st Avenue South
Birmingham, AL 35233

/s/ TuBoggsett
**OF COUNSEL**

{DOC# 00699088}