ELECTRONICALLY FILED
10/29/2020 1:40 PM
03-CV-2020-901311.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **CHASITY SHANTA DIXON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| **SOUTHERN AG CARRIERS, INC.,** a | ) |
| **foreign corporation;** | ) |

**FICTITIOUS DEFENDANTS: No. 1**, whether singular or plural, the driver of the motor vehicle which pulled in front of plaintiff's motor vehicle and whose negligent, wanton, and/or reckless conduct caused the plaintiff's injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which pulled in front of plaintiff's motor vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that

entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the fictitious parties defendant is otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time their identities as proper parties defendant is not known to plaintiff at this time, but their true names will be substituted by amendment when ascertained.

**Defendants.**                                )
                                               )

## COMPLAINT

COMES NOW the Plaintiff, Chasity Shanta Dixon (hereinafter referred to as "Plaintiff"), and brings this civil action against the Defendant, Southern AG Carriers, Inc. (hereinafter referred to as "Defendant Southern AG"), and alleges the claims set forth herein.

### STATEMENT OF THE PARTIES

1. Plaintiff Chasity Shanta Dixon is an individual over the age of nineteen (19), and at all times relevant hereto, Plaintiff Chasity Shanta Dixon was a resident of Luverne, Crenshaw County, Alabama.

2. Defendant Southern AG Carriers, Inc. is a trucking company engaged in the business of interstate trucking and transportation. Defendant Southern AG Carriers, Inc. is a foreign corporation with its principle place of business in Albany, Georgia. At all relevant times hereto, Defendant Southern AG Carriers was licensed to and/or was conducting business in the State of Alabama.

3.       Defendants Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10. 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 whose more correct names and identities are unknown to Plaintiff, but who will be correctly named and identified when ascertained, are the respective entities who or which fit the descriptions above.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4.       On or about September 2, 2020 at approximately 1:51 p.m., Plaintiff was operating a 2018 Hyundai Elantra southbound on Eastern Boulevard in Montgomery, Montgomery County, Alabama.

5.       As Plaintiff was approaching the intersection with Buckboard Road, her direction of travel was controlled by a traffic signal which was a solid green.

6.       At approximately the same time and location, a tractor-trailer, which had been traveling northbound on Eastern Boulevard, entered the turn lane at Buckboard Road.

7.       The turn lane the tractor-trailer pulled into was controlled by a traffic signal which was a solid green, meaning the vehicles in the northbound turn lane had to yield to the vehicles traveling southbound on Eastern Boulevard.

8.       As the tractor-trailer approached and entered the intersection in an attempt to make a u-turn, it failed to yield the right of way to southbound traffic, pulling directly into path of Plaintiff's vehicle.

9.       After realizing the tractor-trailer was not going to yield to her vehicle, Plaintiff swerved to the right and thankfully, was able to avoid t-boning the tractor-trailer. However, Plaintiff's avoidance maneuver resulted in her vehicle leaving the roadway and flipping onto its roof.

10. Following this incident, the driver of the tractor-trailer completed the u-turn and proceeded southbound on Eastern Boulevard, fleeing the collision.

11. Thankfully, a witness to this collision, Pastor Steven Huntly, was able to follow the tractor-trailer and took the photographs attached hereto as "Exhibit A."

12. The tractor-trailer at issue was owned, leased to, and/or being operated on behalf of Defendant.

13. Furthermore, upon information and belief, the operator of the tractor-trailer at issue was engaged in the regular course and scope of his employment with Defendant when he failed to yield the right of way to Plaintiff's vehicle.

14. As a direct and proximate result of collision described above, Plaintiff was injured and damaged as follows:

(a) Plaintiff was caused to suffer severe injuries to her person, including but not limited to injuries to her head, face, neck, shoulder/arm, back, and hip. These injuries caused and continue to cause Plaintiff great physical pain and suffering, mental anguish, and emotional distress.

(b) Plaintiff was caused to be permanently injured and/or scarred.

(c) Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug, and other medical expenses in and about an effort to heal and cure her injuries.

(d) Plaintiff was caused to be permanently unable to pursue many of her normal and usual activities.

(e) Plaintiff's earning capacity was caused to be greatly and permanently diminished.

(f) Plaintiff was caused to sustain lost wages.

(g) Plaintiff was caused to sustain the loss and/or destruction of her property.

## COUNT I – VICARIOUS LIABILITY

15. Plaintiff re-alleges and incorporates by reference the material allegations of the above paragraphs as if fully set out in this Count.

16. On or about September 2, 2020, the operator of the tractor-trailer at issue had a duty to exercise reasonable care to avoid inflicting injury and/or damages to others.

17. The operator of the tractor-trailer at issue negligently, wantonly, and/or recklessly breached said duty by causing and/or allowing the tractor-trailer he was operating to pull directly into the path of Plaintiff's vehicle, which had the right of way. These negligent, wanton, and/or reckless breaches included, but are not necessarily limited to (1) failing to keep a proper lookout, (2) traveling at an excessive speed for the conditions/situation, (3) failing to stop at the stop bar, (4) failing to keep a proper lookout, and/or (5) driving while distracted and/or impaired.

18. As a direct and proximate result of the negligent, wanton, and/or reckless conduct of the operator of the subject tractor-trailer, Plaintiff was injured and damaged as described herein.

19. Furthermore, the operator of the tractor-trailer at issue was engaged in the regular course and scope of his employment and/or agency with Defendant when the above described negligent, wanton, and/or reckless conduct occurred. Accordingly, Defendant is vicariously liable for said conduct of its employee and/or agent.

WHEREFORE, Plaintiff demands judgment against each Defendant, jointly and severally, including the Fictitious Party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount

which will adequately reflect the enormity of the wrongful acts of committed and which will effectively prevent other similar wrongful acts.

## **COUNT II – NEGLIGENT AND/OR WANTON ENTRUSTMENT**

20. Plaintiff re-alleges and incorporates by reference the material allegations of the above paragraphs as if fully set out in this Count.

21. On or about September 2, 2020, Defendant, and/or one or more of the fictitious party defendants listed and described in the caption above, was the owner, lessor and/or lessee of, and/or had the right of control over the use of the tractor-trailer at issue.

22. As the owner, lessor and/or lessee of, and/or controller of the tractor-trailer at issue, Defendant, and/or one or more of the fictitious party defendants, had a duty to use reasonable care when entrusting its tractor-trailers to other.

23. Defendant, and/or one or more of the fictitious party defendants listed and described in the caption above, as owner, lessor and/or lessee of, and/or controller of the tractor-trailer at issue, breached said duty when it negligently and/or wantonly entrusted the tractor-trailer at issue to the operator.

24. As a direct and proximate result of this negligent and/or wanton entrustment, Plaintiff was injured and damaged as described herein.

WHEREFORE, Plaintiff demands judgment against each Defendant, jointly and severally, including the Fictitious Party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for

Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the wrongful acts of committed and which will effectively prevent other similar wrongful acts.

### COUNT III – NEGLIGENT AND/OR WANTON HIRING, TRAINING, SUPERVISION, AND/OR RETENTION

25.  Plaintiff re-alleges and incorporates by reference the material allegations in the above paragraphs as if fully set out in this Count.

26.  On or about September 2, 2020, Defendant, and/or one or more of the fictitious party defendants listed and described in the caption above, was the owner, lessor and/or lessee of, and/or had the right of control over the use of the tractor-trailer at issue.

27.  Defendant, and/or one or more of the fictitious party defendants listed and described in the caption above, was the employer of the operator of the tractor-trailer at issue.

28.  As the employer of the operator of the tractor-trailer at issue, Defendant, and/or one or more of the fictitious party defendants listed and described in the caption above, had a duty to use reasonable care hiring, training, supervising, and/or retaining its employees/drivers.

29.  Defendant, and/or one or more of the fictitious party defendants listed and described in the caption above, breached said duty when it negligently and/or wantonly hired, trained, supervised, and/or retained the operator of tractor-trailer at issue.

30.  As a direct and proximate result of this negligent and/or wanton hiring, training, supervision, and/or retention, Plaintiff was injured and damaged as described herein.

WHEREFORE, Plaintiff demands judgment against each Defendant, jointly and severally, including the Fictitious Party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate Plaintiff for the

injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the wrongful acts of committed and which will effectively prevent other similar wrongful acts.

### JURY DEMAND

The Plaintiff demands that all claims asserted herein be tried by struck jury.

Respectfully submitted,

/s/ Christopher McNutt
CHRISTOPHER McNUTT (MCN025)
*Counsel for the Plaintiff*

**OF COUNSEL:**

Alexander Shunnarah Personal Injury Attorneys
2900 1st Avenue South
Birmingham, AL 35233
Phone: 205-983-8118
Fax: 205-983-8418

**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Southern AG Carriers, Inc.
c/o Wade H. Brown
314 N. 15th St.
Bessemer, AL 35020